UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEXIS LIFSEY AND<br>RICHARD LIFSEY | CIVIL ACTION |
| VERSUS | NO. 16-14988 |
| UNITED STATES OF AMERICA | SECTION "N" |

**ORDER AND REASONS**

Presently before the Court are Defendant's motion seeking to strike the testimony of Dr. K. Samer Shamieh from trial in this matter (Rec. Doc. 24) and Plaintiff's[1] related motion seeking leave to supplement her witness list (Rec. Doc. 45). Having carefully reviewed the parties' submissions, applicable law, and the record in this matter, **IT IS ORDERED** that Defendant's motion (Rec. Doc. 24) is **DENIED** and Plaintiff's motion (Rec. Doc. 45) is **GRANTED** for the reasons stated herein.

The parties' submissions to the Court reflect that Defendant has had notice, since the beginning of May 2017, that Plaintiff purportedly had begun experiencing neurological symptoms for which she intended to seek treatment from a new physician. Indeed, that was the basis for the motion to continue trial that was filed on May 5, 2017. See Rec. Doc. 17. Despite declining to change the July 13, 2017 trial date, the Court expressed a willingness to consider extending certain pretrial deadlines and, in fact, subsequently granted a motion to extend the discovery deadline. See

---

[1] By letter dated June 13, 2017, the Government notified the Court that the claims asserted by Plaintiff Richard Lifsey have settled. Accordingly, only the claims asserted by Plaintiff Alexis Lifsey presently remain before the Court.

1

Rec. Docs. 21 and 39. Since that time, Plaintiff has commended treatment from Dr. Shamieh, undergone a cervical MRI, and provided the results of the MRI and the records from her appointment(s) with Dr. Shamieh to Defendant. The depositions of Plaintiff, Dr. Butler, and Dr. Hoffmann also have been completed, and adequate time still remains for Dr. Shamieh to be deposed, if Defendant so chooses, prior to trial.

Given the foregoing, it is not apparent to the Court that allowing Plaintiff to add Dr. Shamieh to her witness list at this juncture will unduly prejudice Defendant. Rather, on the showing made, the addition of Dr. Shamieh's assessment of Plaintiff's condition, as well as the supplemental information provided by the cervical MRI ordered by him, presumably will assist the parties in evaluating their litigation positions and, if an amicable resolution cannot be reached, proceeding to trial. In any event, the objections that Defendant has raised to the inclusion of Dr. Shamieh's testimony seemingly can be adequately addressed by additional (limited) discovery, vigorous cross-examination, and argument by counsel.[2]

New Orleans, Louisiana, this 22nd day of June 2017.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

---

[2] Although Defendant initially consented to the addition of Dr. Shamieh to Plaintiff's witness list, it subsequently conditioned that consent on a continuance of the trial date, which the Court ultimately denied. *See* Rec. Docs. 21 and 29-1, p. 6 of 18 - p. 8 of 18.